IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS SEVIER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **No. 14-7400** |
| v. | : | |
| | : | |
| **COX COMMUNICATIONS INC. ET AL.,** | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Plaintiff Chris Sevier brought this civil action against Cox Communications Inc., Comcast Corporation Inc., Time Warner Cable Inc., American Telephone & Telegraph Inc. (AT&T), American Civil Liberties Union, American Library Association, Helen Rogers, Bridget Bittman, Cyndi McKenzie Sherwood, and Cynthia A. Sherwood.  Various Defendants have moved to dismiss Plaintiff's Complaint.  Plaintiff has moved to file a single responsive pleading to all Defendants' responses to his Complaint.  Plaintiff has also moved for reconsideration of this Court's March 18, 2015 Order denying Plaintiff's Motion to Have ECF Filing Access.

28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to "dismiss the case at any time if the court determines that . . . [the action] is frivolous."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's action is legally baseless if "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995).  "A factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 25 (1992).

Cox Communications and three individual Defendants have separately moved to dismiss Plaintiff's Complaint.  Defendants' responsive pleadings together assert a variety of legal

1

theories supporting dismissal, including, but not limited to: (1) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) failure to comply with the pleading standards of Fed. R. Civ. P. 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"; (3) improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a); and (4) failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Moving Defendants each argue that Plaintiff's 211-page Complaint does not contain any facts demonstrating a plausible claim for relief.  Rather, Defendants contend that the Complaint is comprised of legal conclusions and "naked assertions," which are not enough to state a plausible cause of action under controlling pleading standards.  See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  Specifically, the Complaint "has a five-page Table of Contents, followed by stream of consciousness type introductory remarks, rife with incendiary political and religious rhetoric and homophobic diatribe, and Plaintiff's own manifesto against pornography before finally getting to a statement of jurisdiction" on page 109.  Defendant Helen Rogers' Motion to Dismiss Plaintiffs' Complaint at 4.

In addition to the compelling arguments raised in Defendants' Motions, I find that Plaintiff's Complaint is frivolous for lacking an arguable basis in law.  For example, Plaintiff begins by seeking damages and an injunction against Internet Service Providers (ISPs) and their co-conspirators, explaining, "The ISPs are not give [sic] adults the ability to choose whether or not unwanted pornography can access them. . . . Just as the electric company has the ability to 'cut the power off,' the ISPs have the ability to 'turn off' pornography. . . . Kids have gone from Dr. Seuss to porn, and it must stop." Complaint at 1–3.  Plaintiff further pleads, "We are living in a pornified perpetrating culture that has cultivated a public health crisis, a silent epidemic, and

a sexual holocaust of unimaginable magnitude. My personal injuries stem from that." Complaint at 12.

Moreover, the facts alleged "rise to the level of the irrational" and "wholly incredible." <u>Denton</u>, 504 U.S. at 25. Perhaps exemplifying the "wholly incredible" nature of the allegations, at the outset of the Complaint, in the first footnote on the opening page, Plaintiff submits, "The first thing that President Obama did when he took office was to return a bust of Winston Churchill back to the United Kingdom. By filing this lawsuit against the ISPs I am effectively taking that bust back in declaring that we <u>shall</u> join a joint task force in the United Kingdom and Canada to push pornography back underground where it belongs. I expect France, Germany, and other allied states to join this task force." Approximately 100 pages later, in "Section XI. Facts," Plaintiff details his personal injuries as follows:

> In using Defendants' products as intended, I developed porn addiction, which devastated the most important relationship in my life. My sweet wife, simply could not compete with the endless stream of ageless cyber vixens, who were enhanced in every way to maximize arousal and addiction. Real women are less clickable. Not so with the porn starlets, who offer no strings attached and lifetime void of the intimacy that we all crave down to our core. Like the rest of us, I have the fundamental right to not have pornography decrease the quality of my life by unwanted exposed [sic] to obscene content as a result of the tactics of predatory pornographers who are aligned with the Defendants and device makers.

Complaint at 114–15. While the Court sympathizes with Plaintiff and his wife regarding their marital troubles, it is plainly irrational to invoke the federal jurisdiction of this Court to preside over non-legal issues relating to the prior dissolution of his marriage.

Although on one level Plaintiff has mounted a sincere critique of the detrimental societal effects of the pornography industry, there is no cognizable legal remedy for the allegations raised in the Complaint. Accordingly, I conclude that the Complaint is legally and factually baseless, and any amendment would be futile.

Therefore, on this 22nd day of July, 2015, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**  All pending Motions are **DISMISSED AS MOOT**.  The clerk of Court shall **CLOSE** this case.

      /s/ Gerald Austin McHugh
United States District Court Judge